Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190531-20461
DATE: July 30, 2021

ORDER

Entitlement to a disability rating of 10 percent for hypertension is granted.

FINDING OF FACT

The Veteran has a history of diastolic pressure predominantly 100 or more and requires continuous medication for control.

CONCLUSION OF LAW

The criteria for a disability rating of 10 percent for service-connected hypertension have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1-4.7, 4.21, 4.104, Diagnostic Code 7101.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from June 1993 to October 1995.

This appeal is before the Board of Veterans' Appeals (Board) on appeal of a September 2018 rating decision from a Department of Veterans Affairs (VA) Regional Office (RO). This case originally proceeded under the legacy appeals system. After the RO issued a May 2019 Statement of the Case, the Veteran opted into the modernized review system (known by the Board as the AMA) by filing a VA Form 10182 that same month. 38 C.F.R. § 19.2. On his notice of disagreement to the Board, the Veteran selected to have a Board hearing. 38 C.F.R. § 20.301. The Veteran appeared for a hearing before the undersigned Veterans Law Judge in April 2021. A transcript of the hearing is of record. 

Finally, the Veteran has other appeals pending under both the legacy system and the AMA. Each will be the subject of subsequent, forthcoming decisions.

1. Entitlement to a disability rating of 10 percent for hypertension

The Veteran contends that he is entitled to a compensable rating for his service-connected hypertension. 

Hypertension is rated pursuant to 38 C.F.R. § 4.104, Diagnostic Code (DC) 7101, for hypertensive vascular disease (hypertension and isolated systolic hypertension). Under DC 7101, a 10 percent rating is warranted for diastolic pressure predominantly 100 or more, or; systolic pressure predominantly 160 or more, or; it is the minimum evaluation for an individual with a history of diastolic pressure predominantly 100 or more who requires continuous medication for control.

The term "predominant" is not defined in the rating criteria. Merriam-Webster defines predominant to mean "being most frequent or common." See, e.g., "predominant," Merriam-Webster.com Online Dictionary, https://www.merriam-webster.com/dictionary/predominant.

For the reasons that follow, the Veteran's hypertension has more nearly approximated the criteria corresponding to a 10 percent rating.

The Veteran appeared for a hearing in April 2021. During his hearing, the Veteran testified that he currently takes medication to control his hypertension and has been taking medication since he was in service. He reported that over the years, his hypertension has progressively worsened. The Veteran also stated that his diastolic readings have been over 100 multiple times for years.

Private treatment records from 1999 to 2001 document ongoing treatment for the Veteran's hypertension. In 1999, the Veteran's blood pressure was reported as 142/102. It was at this time that his treating physician diagnosed him with hypertension and placed him on medication. In 2000, the Veteran had blood pressure readings of 130/106 and 130/94. The treating physician noted that the Veteran's hypertension was not controlled. In 2001, the Veteran's blood pressure read 140/100.

The Veteran's blood pressure was documented as 149/109 in December 2003 VA treatment records. VA treatment records from June 2009 document the Veteran reporting his blood pressure as 157/100. Readings from October 2009 show the Veteran's blood pressure at 137/81. VA treatment records from January 2013 note the Veteran's blood pressure at 137/76. Records from February 2014 report the Veteran's blood pressure as 127/86. It was noted that his blood pressure was well controlled. 

The Veteran appeared for a VA examination for his hypertension in February 2015. The examiner noted that the Veteran's treatment plan involved taking continuous medication for hypertension. The Veteran's blood pressure readings for the day of his examination were 160/98, 157/96, and 158/98. The Veteran reported that his hypertension kept him from being gainfully employed due to having to take pre-employment physicals.

VA treatment records from June 2016 report the Veteran's blood pressure as 137/84, 138/92, and 142/89. The Veteran's blood pressure readings from October 2016 were 130/85 and 142/85. In December 2018, his blood pressure was documented as 154/93. The treating physician noted that his blood pressure was uncontrolled. In January 2019, his blood pressure was reported as 141/93.

Upon reviewing all of the pertinent evidence of record, the Board finds that the Veteran has a history of diastolic pressure predominantly 100 or more who requires continuous medication for control. Private medical records from 1999 to 2001 show that the Veteran's diastolic reading was predominately 100 or more. The Veteran was still showing diastolic readings of 100 or more in records from 2003 and 2009. Additionally, VA and private medical treatment records show that the Veteran need continuous treatment to control his hypertension. Thus, the records show the Veteran has a history of diastolic pressure predominantly 100 or more and requires continuous medication for control. Any reasonable doubt will be resolved in favor of the Veteran. As such, the Veteran's hypertension correlates to the 10 percent rating criteria under DC 7101 and entitlement to a 10 percent rating for the entire appeal period is warranted.

That said, the Veteran does not meet the criteria for a rating in excess of 10 percent. Such a rating would require blood pressure readings in excess of those described above. A 20 percent rating requires diastolic pressures of predominantly 110 or more, or systolic pressures of 200 or more; higher ratings required even more severe findings. 38 C.F.R. § 4.104. DC 7101. As shown above, the Veteran has not met those thresholds at any time during the appeal period. Thus, a rating in excess of 10 percent is not warranted. 

 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. K. Hall, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.